

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 16, 1960

Honorable Doug Crouch
Criminal District Attorney
Tarrant County Courthouse
Fort Worth, Texas

Opinion No. WW-904

Re: Authority of the Board of
Managers of the Tarrant
County Hospital District
to adopt a retirement pro-
gram for the benefit of its
employees.

Dear Mr. Crouch:

You have requested an opinion of this office relative
to the authority of the Board of Managers of the Tarrant
County Hospital District to adopt a retirement program for
the benefit of its employees.

Section 3 of Article IX of our Texas Constitution pro-
vides that the Legislature may by law authorize the creation
of countywide hospital districts in certain counties. This
provision is silent as to retirement benefits for the
officials and employees of the hospital district. However,
the enabling Act (Article 4494n, Vernon's Civil Statutes) en-
acted by the Legislature in 1953, provides two methods by
which the Board of Managers may establish retirement programs
for its employees. These provisions are:

Section 5 of Article 4494n, Vernon's Civil Statutes,
which provides:

". . . Further, under the same conditions, the
Board of Managers may enter into such contracts with
the State and Federal Government as may be necessary
to establish or continue a retirement program for the
benefit of its employees. . . ."

and Section 5a, which states:

"The Board of Managers may in addition to re-
tirement programs authorized by this Act establish

such other retirement program for the benefits
of its employees as it deems necessary and ad-
visable."

With these provisions in mind, your inquiry resolves
itself into a question of the proper procedure the Board
must take in order to establish a retirement program, i.e.,
must the qualified voters of the county authorize such
action by the Board.

The Texas Constitution, in dealing with other units of
government, requires that a majority vote of the qualified
voters must first approve a retirement program before one
may be established.  These provisions are:

Section 62 (b), Article XVI, Texas Constitution:

"Each county shall have the right to provide
for and administer a Retirement, Disability and
Death Compensation Fund for the appointive officers
and employees of the county; provided same is author-
ized by a majority vote of the qualified voters of
such county . . ." (Emphasis ours)

Section 51-e, Article III, Texas Constitution:

"Each incorporated city and town in this
State shall have the power and authority to pro-
vide a system of retirement . . . for its appointive
officers and employees . . . when and if, but only
when and if, such system has been approved at an
election by the qualified voters of such city or
town entitled to vote on the question of issuance
of tax supported bonds; . . ."

These provisions, however, do not pertain to a County
Hospital District.  A County Hospital District is a politi-
cal subdivision of the State which is a different government-
al body from that of a city or county.  Bexar County Hospital
District v. Crosby, 327 S.W. 2d 445, Attorney General Opinion
No. WW-886 (1960).

Since the Legislature has granted to the Board of Managers
of a County Hospital District wide discretion in this field
without the necessity of taking the matter before the voters of
the county, we are of the opinion that the Board of Managers of
the Tarrant County Hospital District has authority to adopt a

retirement program for the benefit of its employees upon its own motion without the approval of the qualified voters of the county.

### S U M M A R Y

The Board of Managers of the Tarrant County Hospital District has the authority to adopt a retirement program for the benefit of its employees.

Yours very truly,

WILL WILSON
Attorney General of Texas

By James M. Farris
Assistant

JMF:hb:mm

APPROVED:

OPINION COMMITTEE
Gordon C. Cass, Chairman

Virgil R. Pulliam
Linward Shivers
William H. Pool, Jr.
Marvin H. Brown, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore